Citation Nr: 1550158 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 15-21 573 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for a renal disorder, including renal cancer with loss of kidney, claimed as secondary to in-service exposure to herbicides and service-connected diabetes mellitus (renal disorder).


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

A. MacDonald, Associate Counsel



INTRODUCTION

The Veteran had active service from February 1967 to October 1970.

This appeal comes to the Board of Veterans' Appeals (Board) from a January 2013 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

This issue was previously before the Board in August 2015, and was remanded for further development. Specifically, the Board requested VA treatment records be obtained. This requested action was completed and the matter has been properly returned to the Board for appellate consideration. See Stegall v. West, 11 Vet. App. 268 (1998).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. The Veteran's renal cancer did not begin during, or for several years after, his active duty service.

2. The Veteran's kidney removal did not occur during, or was otherwise caused by, his active duty service.
 
3. The Veteran's current chronic renal insufficiency was aggravated by his service-connected diabetes mellitus.






CONCLUSIONS OF LAW

1. The criteria for service connection for renal cancer have not been met. 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. § 3.303 (2015).

2. The criteria for service connection for loss of kidney have not been met. 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. § 3.303 (2015).

3. The criteria for service connection for a chronic renal insufficiency disorder due to aggravation from service-connected diabetes mellitus have been met. 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. §§ 3.303, 3.310 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran is seeking service connection for a renal disorder, including renal cancer and loss of kidney. In seeking VA disability compensation, a Veteran generally seeks to establish that a current disability results from disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1110. "Service connection" basically means that the facts, shown by evidence, establish that a particular injury or disease resulting in disability was incurred coincident with service in the Armed Forces, or if preexisting such service, was aggravated therein. 38 C.F.R. § 3.303.

Establishing service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 


The Veteran's medical records reflect he was diagnosed with cancer involving his bladder and right kidney in approximately November 2011, for which he later had surgery to remove his right kidney and underwent chemotherapy. Following this treatment, he continues to experience chronic renal insufficiency. Therefore, the presence of a current disability is established.

The Veteran's service treatment records have been reviewed, and do not reflect he developed any renal disorder during active duty service. Instead, during his September 1970 separation examination the Veteran was found to be in normal condition and did not report any relevant symptoms. Therefore, the evidence does not establish, and the Veteran has not asserted, that he developed any renal disorder during his active duty service. 

Instead, the Veteran has consistently asserted that his renal cancer and resulting chronic insufficiency was due either to his exposure to herbicides, including Agent Orange, during service, or was caused by his service-connected diabetes mellitus. See e.g. May 2012 written statement. However, the Veteran lacks the medical training and expertise to provide a complex medical opinion as to the etiology of his renal disorders either from herbicide exposure in the 1960s or by his diabetes mellitus. See Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007).

The Veteran's service records, including his DD214, reflect he served within the Republic of Vietnam during the Vietnam War era. He is therefore presumed to have been exposed to herbicide agents. 38 C.F.R. § 3.307(a)(6)(iii). However, the Board notes that the mere exposure to herbicides alone does not create a permanent disability for which compensation may be granted. 

Service connection may be granted on a presumptive basis for certain diseases associated with exposure to certain herbicide agents, even though there is no record of such disease during service, if they manifest to a compensable degree any time after service. 38 C.F.R. § 3.307(a)(6). This presumption may be rebutted by affirmative evidence to the contrary. 38 U.S.C.A. § 1113; 38 C.F.R. §§ 3.307, 3.309. 

However, the exclusive list of diseases which are covered by this presumption are: 
AL amyloidosis; chloracne or other acneform disease consistent with chloracne; type 2 diabetes (also known as Type II diabetes mellitus or adult-onset diabetes); Hodgkin's disease; Ischemic heart disease (including, but not limited to, acute, subacute, and old myocardial infarction; atherosclerotic cardiovascular disease including coronary artery disease (including coronary spasm) and coronary bypass surgery; and stable, unstable and Prinzmetal's angina); all chronic B-cell leukemias (including, but not limited to, hairy-cell leukemia and chronic lymphocytic leukemia); multiple myeloma; non-Hodgkin's lymphoma; Parkinson's disease; acute and subacute peripheral neuropathy ; porphyria cutanea tarda; prostate cancer; respiratory cancers (cancer of the lung, bronchus, larynx, or trachea); and soft-tissue sarcoma (other than osteosarcoma, chondrosarcoma, Kaposi's sarcoma, or mesothelioma). 38 C.F.R. § 3.309(e). 

Notably, renal cancer is not included on the exclusive list of diseases covered by the herbicide presumption. Therefore, presumptive service connection for renal cancer is not available. Furthermore, the medical records have been carefully reviewed and considered, but do not contain any medical opinion otherwise relating the Veteran's current renal disorders to his active duty service, including his presumed in-service exposure to herbicides. Therefore, presumptive service connection due to herbicide exposure is not available.

Finally, secondary service connection may be granted for a disability which is proximately due to, or the result of, a service-connected disorder. 38 C.F.R. § 3.310(a). Secondary service connection may also be found in certain instances in which a service-connected disability aggravates another condition.

In this case, the evidence does not establish the Veteran's diagnosed history of renal cancer and resulting kidney removal was caused by his service-connected diabetes mellitus. Instead, in July 2012 a VA examiner noted that the Veteran's diagnosed form of renal cancer was "one of the most common malignancies of the urinary tract" with several major risk factors identified in medical research. However, diabetes mellitus was not included on the list of risk factors per medical research. Therefore, the examiner opined the Veteran's renal cancer was not caused by his diabetes mellitus.

However, in a June 2015 VA treatment record, the chief of urology noted the Veteran had a history of diabetes mellitus, and also indicated his renal condition had further worsened after the removal of his right kidney in 2011. The chief of urology then opined the further worsening of the Veteran's renal condition was affected by his diabetes. Specifically, she stated "If [the Veteran] had not had diabetes the removal of one kidney would probably have not worsened his overall renal function." This clear statement from a medical expert provides probative evidence that the Veteran's current chronic renal insufficiency was permanently worsened, or aggravated, by his service-connected diabetes mellitus. Accordingly, service connection based on aggravation is established only for the Veteran's current chronic renal insufficiency. 

Based on the foregoing, the elements of service connection for history of renal cancer and resulting kidney removal have not been established. The Veteran did not develop these disorders during, or were otherwise caused by, his active duty service or his in-service exposure to herbicides. The VA examiner also opined his history of renal cancer was not caused or aggravated by his service-connected diabetes. Therefore, service connection for renal cancer and resulting kidney removal is not established.

However, the evidence does establish the Veteran's current renal disorder was aggravated by his service-connected diabetes mellitus. Therefore, service connection is granted for the extent the Veteran's current chronic renal insufficiency was aggravated by his service-connected diabetes mellitus. 38 C.F.R. § 3.310. 





[CONTINUED ON NEXT PAGE]
ORDER

Service connection for renal cancer is denied.

Service connection for loss of kidney is denied.

Service connection for chronic renal insufficiency due to aggravation from service-connected diabetes mellitus is granted, subject to the laws and regulations governing the award of monetary benefits.




____________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs